ARMSTRONG, Judge.
On October 20, 1987 the relator pled guilty to simple burglary and was sentenced to ten years at hard labor. On February 26, 1988 the relator admitted that he was a habitual offender as to one of the listed predicates, and was resentenced to ten years as a second felony habitual offender. Relator is now before this Court petitioning for a writ of mandamus. He contends that on November 25, 1991 he filed an application for post-conviction relief but that the trial court has failed to act.
A review of the record fails to show that an application for post-conviction relief has been filed. However, relator does provide this court with a copy of the application and return mail receipt dated November 25, 1991. In the application he alleges that his sentence as a multiple offender is illegal because this Court vacated his guilty plea in the predicate offense used to enhance his sentence. See State v. Petty, unpub. (91-K-0615 La.App. 4th Cir. Nov. 14, 1991).
Although relator’s application was filed after the October 1, 1991 deadline of Article 930.8, it should not be considered untimely. Article 930.8(A)(1) provides an exception to the general rule where the facts upon which the claim is predicated were not known to the relator or his attorney. Relator’s guilty plea in the predicate offense was vacated November 14, 1991.
Because defendant’s habitual offender adjudication is predicated on a prior felony conviction which has been vacated, the habitual offender adjudication and enhanced sentence given under La.R.S. 15:529.1 must be vacated.
For the foregoing reasons, we vacate defendant’s habitual offender adjudication and defendant’s sentence as a habitual offender, and remand this case to the trial court for a new trial on defendant’s habitual offender status within the delays provided in La.C.Cr.P. art. 701.[1]
WRIT GRANTED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED.

. We note that the State’s habitual offender information alleged that defendant had been previously convicted of two other felony offenses besides the one he admitted — manslaughter, a violation of La.R.S. 14:31, and attempted crime against nature, a violation of La.R.S. 14:27 and 14:89.