# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-123


**STATE OF LOUISIANA**

**VERSUS**

**JARED J. TIDWELL**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 173773
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.


**AFFIRMED WITH INSTRUCTIONS.**


**Charles G. Gravel**
**Gravel, Cespiva, & Wilkerson**
**Post Office Box 1792**
**Alexandria, LA   71309-1792**
**(318) 487-4501**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jared J. Tidwell**

**John R. Flynn, Jr.**
**Post Office Box 1308**
**Alexandria, LA   71309-1792**
**(318) 487-1230**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Jared J. Tidwell**

**Charles A. Riddle, III**
**District Attorney**
**Michael F. Kelly**
**Assistant District Attorney**
**Post Office Box 1200**
**Marksville, LA   71351**
**(318) 253-6587**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**AMY, Judge.**

The defendant was convicted of obstruction of justice, a violation of La.R.S. 14:130.1. Thereafter, the State filed a habitual offender bill of information, seeking to have the defendant adjudicated a fourth felony offender. However, the State later filed a motion to reduce the habitual offender bill to third felony offender status. The trial court granted the State's motion, adjudicated the defendant a third felony offender, and imposed a habitual offender sentence of thirty years at hard labor, without the benefit of probation or suspension of sentence. The defendant appeals. For the following reasons, we affirm with instructions.

## Factual and Procedural Background

The defendant, Jared J. Tidwell, was convicted of obstruction of justice, a violation of La.R.S. 14:130.1. The facts of the defendant's underlying conviction are discussed in *State v. Tidwell*, 14-122 (La.App. 3 Cir. _/_/_), __ So.3d __. Prior to the defendant's sentencing, the State instituted habitual offender proceedings pursuant to La.R.S. 15:529.1(A)(4)(b), alleging that the defendant was a fourth felony offender. Subsequently, the State filed a "Motion to Reduce Habitual Offender Bill to Third Felony Offender Status to be Sentenced Under La.R.S. 15:529.1(A)(3)(a)." The trial court granted the State's motion, adjudicated the defendant as a third felony offender, and imposed a habitual offender sentence of thirty years at hard labor without the benefit of probation or suspension of sentence.

The defendant appealed his conviction for obstruction of justice in *State v. Tidwell*, 14-122 (La.App. 3 Cir. _/_/_), __ So.3d __, and his habitual offender conviction in the instant appeal. The defendant has alleged no assignment of error,

but asserts that, if his conviction for obstruction of justice is overturned, his habitual offender adjudication must be vacated as a matter of law.

**Discussion**

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After performing such a review, this court notes one such error requiring correction of the sentencing minutes. Our review of the minutes indicates that the defendant's sentence was imposed without the benefit of parole. However, the sentencing transcript reveals that, although the trial court originally imposed the defendant's habitual offender sentence without the benefit of parole, probation, or suspension of sentence, the trial court later corrected the sentence to delete the restriction on parole. *See* La.R.S. 15:529.1(G). It is well-settled that when the minutes and the transcript conflict, the transcript prevails. *State v. Dorsey*, 10-1021 (La.App. 3 Cir. 3/9/11), 58 So.3d 637. Accordingly, the trial court is ordered to correct the minutes of sentencing within ten days of the date of this opinion.

*Habitual Offender Sentence*

In *State v. Tidwell*, 14-122 (La.App. 3 Cir. _/_/_), __ So.3d __, this court affirmed the defendant's conviction for obstruction of justice. The defendant argues that, if his underlying conviction is vacated, his habitual offender sentence must also be vacated. *See State v. Petty*, 596 So.2d 421 (La.App. 4 Cir. 1992). However, the defendant's appeal of his underlying conviction was unsuccessful. Thus, the situation contemplated by the defendant's argument has not come to pass.

Accordingly, we find no merit to the defendant's assertion on appeal.

2

**DECREE**

For the foregoing reasons, the habitual offender adjudication and sentence of the defendant, Jared J. Tidwell, are affirmed. The trial court is ordered to correct the sentencing minutes within ten days of the date of this opinion.

**AFFIRMED WITH INSTRUCTIONS.**